UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| GLOBAL MEDICAL REIT INC., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:18-cv-00927-SEB-DML |
| CARMEL MEDICAL OFFICE BUILDING LLC, | ) | |
| Defendant. | ) | |

# **ORDER**

Plaintiff has filed a Complaint in which it alleges that this Court has diversity jurisdiction over this matter. The Court notes the following issues with Plaintiff's jurisdictional allegations regarding the parties in this action:

- Plaintiff has not adequately alleged the citizenship of an unincorporated association. The citizenship of an unincorporated association is "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003). "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Id.* at 543; *accord Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members."). Asserting that all partners are citizens of "X" or that no partners are citizens of "X" is insufficient. *See Peters v. Astrazeneca LP*, 224 Fed. Appx. 503, 505 (7th Cir. 2007) (noting the insufficiency of a limited partnership asserting that none of its partners were citizens destroying diversity "rather than furnishing the citizenship of all of its partners so that [the court] could determine its citizenship").

In raising this issue, the Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop*

*Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction in a particular case, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must be apprised of the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists. *See Evergreen Square of Cudahy v. Wisconsin Housing and Economic Development Authority*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

For these reasons, the Court **ORDERS** Plaintiff to file an Amended Complaint within fourteen (14) days of the date of this entry, which addresses the issue outlined in this Order by properly alleging a basis for diversity jurisdiction. Defendant needs not answer or otherwise respond to the Complaint at which this Order is directed. Defendant is cautioned, however, that when it does respond to the Amended Complaint, and to the extent that it denies any of Plaintiff's jurisdictional allegations or states that it does not have sufficient information to respond to those allegations, the Court will require the parties to conduct whatever investigation is necessary in order to file a joint jurisdictional

statement confirming that all parties are in agreement with the underlying jurisdictional allegations before the litigation moves forward.

IT IS SO ORDERED.

Date: ____3/30/2018_____   _____
                              SARAH EVANS BARKER, JUDGE
                              United States District Court
                              Southern District of Indiana

Distribution:

Brian Scott Jones
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
b.jones@boselaw.com

Andrielle Marie Metzel
BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP (Indianapolis)
ametzel@beneschlaw.com